DEMBINSKI v AETNA CASUALTY & SURETY COMPANY

1. INSURANCE—CONTRACTS—LOADING AND UNLOADING CLAUSES—MO-
   TOR VEHICLES—CONSTRUCTION—AMBIGUOUS LANGUAGE.
   Loading and unloading clauses in motor vehicle insurance con-
   tracts are to be broadly construed against the insurance com-
   pany where such clauses are ambiguous; therefore, an ambigu-
   ous loading clause could be broadly construed so as to encom-
   pass the period during which an object is removed from its
   place of rest and is carried to and placed in a vehicle.

2. INSURANCE—CONTRACTS—MOTOR VEHICLES—LOADING PROCESS—AC-
   TIVITIES IN PREPARATION FOR LOADING—PARKED VEHICLES—
   STATUTES.
   The loading process referred to in a motor vehicle insurance
   policy's loading and unloading clause refers only to the lifting
   of property into an insured vehicle and not to the activities in
   preparation for loading the vehicle where (1) the policy pro-
   vides personal protection benefits as a result of bodily injury
   caused by accident and arising out of the ownership, operation,
   maintenance or use, including loading or unloading, of a motor
   vehicle, and (2) the policy excludes bodily injury arising out of
   use, including loading and unloading, of a parked vehicle
   unless such bodily injury was the direct result of physical
   contact with property being lifted onto or lowered from such
   motor vehicle in the loading or unloading process, and (3) the
   wording of the policy exclusion is similar to and complies with
   the definition of accidental bodily injury arising out of the use
   of a parked vehicle contained in the statute regarding injuries
   received from parked vehicles (MCLA 500.3106; MSA 24.13106).

3. JUDGMENT—SUMMARY JUDGMENT—QUESTIONS OF LAW—QUESTIONS
   OF FACT.
   Summary judgment may be properly granted where a dispute
   concerns a question of law and not one of fact.

REFERENCES FOR POINTS IN·HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 87–90.
   Risks within "loading and unloading" clause of motor vehicle
   liability insurance policy. 95 ALR2d 1122.
[3] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted May 3, 1977, at Lansing. (Docket No. 28745.) Decided June 7, 1977.

Complaint by Lawrence Dembinski against Aetna Casualty & Surety Company to recover under an insurance contract covering the plaintiff's truck. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Frank R. Langton,* for plaintiff.

*Collins & Einhorn, P. C.,* for defendant.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

R. B. BURNS, J. Plaintiff had summary judgment entered against him in an action to recover under an insurance contract covering his truck, and appeals.

While plaintiff was carrying a ceramic mold from his store through a vestibule or hallway toward an outside doorway to load the mold into his truck, he slipped in a puddle of water, fell, and injured his back. He was twenty feet from his truck when he fell. The mold did not land on him.

Plaintiff's insurance policy provides that defendant will pay "personal protection benefits * * * as a result of bodily injury caused by accident and arising out of the ownership, operation, maintenance or use, including loading or unloading, of a motor vehicle * * * ". Plaintiff contends that his injury was caused by an accident arising out of the loading of his truck.

Loading and unloading clauses in insurance contracts have been broadly construed against insur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ance companies because they have been ambiguous and because a broad construction prevents the clause from being consumed by the term "use" and rendered mere surplusage. Thus, such a clause could encompass the period during which an object was removed from its place of rest and was carried to and placed in a vehicle. See *e.g., Allstate Insurance Co v Valdez,* 190 F Supp 893 (ED Mich, 1961).

The clause is not ambiguous in the instant case. The insurance contract excludes "bodily injury * * * arising out of * * * use, including loading and unloading, of a parked vehicle unless * * * such bodily injury was the direct result of physical contact with * * * property being lifted onto or lowered from such motor vehicle in the loading or unloading process". The wording of this exclusion is similar to and complies with the definition of accidental bodily injury arising out of use of a parked vehicle contained in MCLA 500.3106; MSA 24.13106. Thus, it is clear that the loading process consists only of the lifting of property into the vehicle.

Since plaintiff was not lifting the mold into the truck, he was not loading the truck. He was merely preparing to load the truck. This type of injury was excluded from the contract.

Nor was plaintiff's injury a direct result of physical contact with property being lifted into the truck. His injury was a result of slipping in the puddle, and the mold, not having landed on plaintiff, did not contribute to the injury.

Plaintiff also argues that summary judgment was improper because there existed a genuine issue as to a material fact, *i.e.,* whether plaintiff's injury occurred while he was loading the truck. The dispute is not as to what occurred, but as to whether what occurred came within the insurance

coverage of loading. This is a question of law, not fact, so that summary judgment was properly granted. See *Burroughs Corp v Detroit,* 18 Mich App 668, 674–675; 171 NW2d 678, 681 (1969).

Affirmed. Costs to defendant.