HATHCOX v LIBERTY MUTUAL INSURANCE COMPANY

Docket No. 78-1773. Submitted April 3, 1979, at Lansing.—Decided June 5, 1979.

William E. Hathcox was loading new automobiles onto a truck-trailer. The truck-trailer was owned by his employer, C & J Commercial Driveaway, Inc., and was insured by Liberty Mutual Insurance Company. After driving one of the automobiles onto the top deck and leaving that automobile, Hathcox slipped on the snow-covered deck and fell, sliding down the ramp to the ground. As a result, he suffered neck and back injuries which prevented him from working for over six months. State Farm Mutual Automobile Insurance Company was Hathcox's no-fault insurance carrier. Hathcox brought an action against both insurance companies seeking to recover no-fault insurance benefits for his injuries. Ingham Circuit Court, James T. Kallman, J., granted defendants' motions for summary judgment and denied plaintiff's motion for a partial summary judgment. In denying plaintiff's motion the court held that plaintiff's attempt to recover no-fault benefits from Liberty Mutual was barred by the exclusive remedy provision of the Worker's Disability Compensation Act and that plaintiff was unable to recover from State Farm due to a policy provision excluding recovery for injuries sustained by its insured while occupying an employer's vehicle. Plaintiff appeals. *Held:*

1. An employee is entitled to receive personal protection insurance benefits from his employer's insurer if he suffers accidental bodily injury while an occupant of a motor vehicle owned or registered to his employer.

2. Occupying an automobile embraces a zone of connection with the subject vehicle which includes persons not actually inside of the vehicle at the time of an injury.

3. Plaintiff occupied his employer's truck at the time of his injury. He was inside of the cab at various times to operate

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] New Topic Service, No-Fault Insurance § 18.
[2] 7 Am Jur 2d, Automobile Insurance § 127.
[3] 7 Am Jur 2d, Automobile Insurance §§ 88, 90.
[5] New Topic Service, No-Fault Insurance §§ 1, 18.

hydraulic equipment and fell immediately after having driven an *automobile onto the deck* of the truck-trailer. The injury arose out of the use of the employer's truck and its trailer. He is entitled to recover no-fault insurance benefits from Liberty Mutual, the employer's insurance carrier.

4. Where an employee sustains bodily injuries while occupying his employer's motor vehicle in the course of his employment, he is not barred from recovering personal protection insurance benefits from his employer's no-fault insurance carrier by the exclusive remedy provision of the Worker's Disability Compensation Act.

Reversed.

R. M. MAHER, P.J., concurs in the result reached by the majority. He would hold that a plaintiff is entitled to recover no-fault benefits where he is injured while alighting from a vehicle and the requisite causal connection between the vehicle and the injury is established.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — EMPLOYEES — ACCIDENTAL INJURY — OCCUPANT OF VEHICLE — PERSONAL PROTECTION BENEFITS — STATUTES.

An employee who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which he is entitled from the insurer of the furnished vehicle (MCL 500.3114[3]; MSA 24.13114[3]).

2. INSURANCE — AUTOMOBILES — "OCCUPYING" — CONSTRUCTION OF POLICY — STATUTES.

Interpretation of the word "occupying", in an automobile insurance contract, embraces a zone of connection with the subject vehicle which includes persons not actually inside the vehicle at the time of an injury (MCL 500.3114[3]; MSA 24.13114[3]).

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — "OCCUPYING" — EMPLOYER LIABILITY — STATUTES.

An employer's motor vehicle is occupied by an employee at the time of an injury and the employee is entitled to recover no-fault insurance benefits from his employer's insurance carrier where the employee was actually inside of the cab of his employer's truck-trailer at various times to operate hydraulic equipment while loading automobiles and fell immediately after having driven an automobile onto the deck of the trailer,

because the injury arose out of the use of the employer's truck and its trailer (MCL 500.3114[3]; MSA 24.13114[3]).

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — INSURANCE BENEFITS — EMPLOYER LIABILITY — WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — STATUTES.

The exclusive remedy provision of the Worker's Disability Compensation Act do not bar a plaintiff from recovering no-fault insurance benefits from his employer's no-fault carrier where the plaintiff sustained bodily injuries while occupying his employer's motor vehicle in the course of his employment (MCL 418.131, 500.3114[3]; MSA 17.237[131], 24.13114[3]).

CONCURRENCE BY MAHER, P.J.

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — ALIGHTING FROM VEHICLE — CAUSAL CONNECTION — NO-FAULT BENEFITS — STATUTES.

*A plaintiff is entitled to recover no-fault benefits where he is injured while alighting from a vehicle and the requisite causal connection between the vehicle and the injury is established (MCL 500.3105, 500.3106; MSA 24.13105, 24.13106).*

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas*), for plaintiff.

*James, Dark & Brill,* for defendant State Farm Mutual Automobile Insurance Company.

*Foster, Swift, Collins & Coey, P.C.* (by *Michael J. Schmedlen*), for defendant Liberty Mutual Insurance Company.

Before: R. M. MAHER, P.J., and M. J. KELLY and D. F. WALSH, JJ.

M. J. KELLY, J. Plaintiff, William Hathcox, brought an action against defendant insurance companies seeking to recover no-fault insurance benefits arising from injuries sustained when he fell from his employer's truck-trailer. Both defendants and plaintiff filed respective motions for

summary judgment. By order of May 5, 1978, the trial court granted the motions for summary judgment of defendants, and denied plaintiff's motion for a partial summary judgment. From that order, plaintiff perfects this appeal.

The facts underlying this appeal are not in dispute. Plaintiff, an employee of C & J Commercial Driveaway, Inc., of Lansing, Michigan, was loading new automobiles onto a truck-trailer on December 6, 1976. The truck-trailer was owned by his employer, who was insured by defendant, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). After driving one of the automobiles onto the top deck of the truck-trailer and leaving the car, plaintiff slipped on the snow-covered deck and fell, sliding down the ramp to the ground. As a result, he suffered neck and back injuries which prevented him from working for over six months.

In denying plaintiff's motion for partial summary judgment, the trial court held that plaintiff's attempt to recover no-fault benefits from Liberty Mutual was barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). In so holding, the court reasoned that only where an employee is injured in his employer's vehicle while not acting within the scope of his employment can the employee recover insurance benefits from his employer's no-fault insurance carrier. *Mathis v Interstate Motor Freight System,* 73 Mich App 602; 252 NW2d 842 (1977). The lower court further held that plaintiff was unable to recover from State Farm (plaintiff's own no-fault insurance carrier) due to a provision in State Farm's policy excluding recovery for injuries sustained by its insured while occupying an employer's vehicle.

Although the parties advance a host of issues in

this appeal, our disposition requires that only two questions be discussed.

*I. Whether plaintiff was an "occupant" of his employer's motor vehicle at the time he sustained his injury, thus entitling him to recover no-fault insurance benefits from his employer's insurance carrier. MCL 500.3114(3); MSA 24.13114(3).*

We find that plaintiff's injury did occur while he was an occupant of a motor vehicle owned by his employer. MCL 500.3114(3); MSA 24.13114(3).[1] When interpreting insurance contracts, Michigan courts have construed the term "occupying" to embrace a zone of connection with the subject vehicle, thus including persons not actually inside the vehicle at the time of the injury.

The leading case illustrating this point is *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975). In *Nickerson,* plaintiff was a passenger in a car when the vehicle stalled and plaintiff helped push it to the side of the road. Plaintiff reentered the car then left the car and walked around in front of it. An oncoming car struck the stalled vehicle in the rear, pushing it foward and injuring plaintiff. His right to recover under the insurance contract covering the host vehicle turned upon whether plaintiff was occupying the car at the time of the injury. In addressing this issue, the Court recognized that "there are two distinct lines of thought on this matter—one line of cases requires 'physical contact' for recovery, the other line of cases holds that 'physical

---

[1] MCL 500.3114(3); MSA 24.13114(3) states:

"(3) An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which he is entitled from the insurer of the furnished vehicle."

contact' alone is not the operative test for coverage". 393 Mich at 329. In rejecting the analytic approach which focused exclusively on physical contact, the Court stated:

"In sum, the approach to interpretation of this policy language which does not hold 'physical contact' mandatory, appears to us to be by far the more reasonable and persuasive approach. It accords with a strict reading of the policy language, it well implements the time-honored policy of construction of policy language against the insurer, and, perhaps most significantly, as Judge McGregor and plaintiff point out, it guards against recovery based entirely upon 'fortuitous circumstance'.

\* \* \*

"We conclude that plaintiff Nickerson, due to his immediate prior 'occupying' of the insured vehicle and his subsequent injury arising out of the use or repair of the same vehicle, was an 'assured' under the policy of automobile insurance issued by defendant." *Id.* at 331-332.

We think *Nickerson* is significant in that it demonstrates the broad judicial interpretation afforded the term "occupying". The breadth of this construction is also evident in other Michigan cases. For example, in *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292; 269 NW2d 570 (1978), the decedent was deemed an occupant of a dumptruck when "standing on or next to" the dump box while examining or attempting to repair a malfunction in the dumping mechanism; similarly, in *Collins v Motorists Mutual Ins Co,* 36 Mich App 424, 428; 194 NW2d 148 (1971), the Court stated: "in that decedent was leaning over the trunk of his friend's automobile, and had been within it shortly before he was struck, we believe he was 'occupying' the vehicle at the time of his death".

Here, plaintiff was engaged in the operation of loading his employer's truck-trailer with automobiles; in doing so, he was obliged to repeatedly return to the truck's cab in order to readjust the accelerator in conjunction with the operation of the hydraulic pump system; further, he fell down immediately after having driven an automobile onto the deck of the trailer. As in *Nickerson,* plaintiff was actually inside of the insured vehicle's cab at various times during the automobile loading process and his subsequent injury arose out of his use of the truck and its trailer. We find, therefore, that plaintiff was an "occupant" of that vehicle within the meaning of MCL 500.3114(3); MSA 24.13114(3).

*II. Does the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), prohibit plaintiff from recovering no-fault insurance benefits from his employer's no-fault carrier where plaintiff sustains bodily injuries while occupying his employer's motor vehicle in the course of his employment?*

The question raised in the present case is not one of first impression; to the contrary, it has been repeatedly considered by different panels of this Court with conflicting results. *Mathis v Interstate Motor Freight System, supra,* (holding that workmen's compensation benefits were plaintiff's exclusive remedy against his self-insured employer), *Hawkins v Auto-Owners Ins Co,* 83 Mich App 225; 268 NW2d 534 (1978) (holding that, because the exclusive remedy provision barred recovery only against the employer and not the employer's insurer, an employee was entitled to recover personal protection benefits from his employer's no-

fault insurance carrier), *Ottenwess, supra,* (holding that, because the liabilities of insurers and self-insurers under the no-fault act are coextensive, the exclusive remedy provision of the Worker's Disability Compensation Act barred recovery from the employer's insurer as well as from the employer) (ALLEN, J. dissenting).

We find the reasoning of Judge ALLEN's dissent in *Ottenwess, supra,* persuasive, and expressly adopt it. Accord, *Hubert v Citizens Ins Co of America,* 88 Mich App 710; 279 NW2d 48 (1979), *Lewis v Yellow Freight System, Inc,* 89 Mich App 66; 279 NW2d 327 (1979). After exhaustively reviewing the legislative history of the no-fault act and performing "a common sense reading" of MCL 500.3114(3); MSA 24.13114(3), Judge ALLEN concluded that "the Legislature intended to allow an employee to sue the employer's no-fault insurer in situations where the employee was injured while occupying a vehicle owned by the employer". *Ottenwess, supra,* at 302 (ALLEN, J. dissenting). We reverse the trial court and hold that plaintiff is entitled to personal protection insurance benefits as authorized by the no-fault insurance act. Liberty Mutual, as the no-fault insurance carrier of plaintiff's employer, C & J Commercial Driveaway, Inc., is required to furnish those benefits. MCL 500.3114; MSA 24.13114.

Because of our disposition of this issue, we do not reach the question of the liability of defendant State Farm to pay benefits under the policy issued to plaintiff.

We hold that plaintiff is not barred from recovering personal protection insurance benefits from his employer's no-fault insurance carrier and that plaintiff's complaint states a cause of action under the no-fault act.

Reversed.

D. F. Walsh, J., concurred.

R. M. Maher, P.J. *(concurring)*. I concur in the result reached by the majority and in the reasoning of Issue II. However, I would find that plaintiff is entitled to recover no-fault benefits because he was injured while alighting from the vehicle and the requisite causal connection between the vehicle and the injury was established, MCL 500.3105; MSA 24.13105, MCL 500.3106; MSA 24.13106, see *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; — NW2d — (1979).