ROYSTON v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 61404. Submitted July 13, 1983, at Lansing.—Decided
November 22, 1983. Leave to appeal applied for.

Plaintiff, Eugene Royston, was injured by the collapse of a farm
bale elevator which he was using to load Christmas trees onto
the bed of a truck. The truck was parked at the time, plaintiff
was standing behind the truck, and the elevator was not a part
of the truck nor had it been loaded onto the truck. Plaintiff
brought an action to recover no-fault insurance benefits against
State Farm Mutual Automobile Insurance Company. The Ing-
ham Circuit Court, Robert Holmes Bell, J., granted summary
judgment in favor of the defendant, and plaintiff appealed,
alleging that he is entitled to recovery of benefits under either
of two exceptions to the general statutory prohibition against
recovery of benefits where the vehicle involved was parked.
*Held:*

1. The injuries were clearly caused by the bale elevator,
which was a piece of equipment separate from the truck. Thus,
plaintiff did not come within the statutory exception which
allows recovery where the injury results directly from physical
contact with equipment permanently mounted on the vehicle or
from property which is lifted onto or lowered from the vehicle
during the loading or unloading process.

2. The plaintiff did not come within the exception which
allows recovery where the injury occurs while occupying, enter-
ing into, or alighting from the vehicle.

Affirmed.

M. J. KELLY, P.J., concurred in the result only.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.
Generally, an injured party may not recover no-fault automobile

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 199, 205.
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 194, 351.
Risks within "loading and unloading" clause of motor vehicle
liability insurance policy. 6 ALR4th 686.
Validity and construction of "no-fault" automobile insurance plans.
60 ALR3d 651.

insurance benefits where the vehicle involved was parked at the time of the injury; among the exceptions to this rule are injuries which are the direct result of physical contact with equipment permanently mounted on the vehicle while the equipment is being used or result from property which is lifted onto or lowered from the vehicle during the loading or unloading process (MCL 500.3106[1][b]; MSA 24.13106[1][b]).

2. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.
   An award of no-fault benefits is not supported where the causal connection of the injury to a parked vehicle is merely fortuitous or incidental (MCL 500.3106[1][c]; MSA 24.13106[1][c]).

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Thomas P. Bobay),* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *John A. Yeager),* for defendant.

Before: M. J. KELLY, P.J., and R. B. BURNS and R. A. BENSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order entered in the Ingham County Circuit Court granting defendant summary judgment pursuant to GCR 1963, 117.2(3) and holding that plaintiff was not entitled to no-fault benefits for the injuries he sustained. Plaintiff now appeals as of right.

On November 25, 1979, plaintiff and his brother-in-law drove a semi-trailer truck to Wexford County to be used to haul Christmas trees. Piles of trees were loaded onto the truck through the use of a bale elevator, commonly used in farming operations for elevating hay. Approximately 2,000 trees constituted a full truckload. The elevator was not permanently affixed to the truck but, rather, was manually moved from pile to pile.

* Circuit judge, sitting on the Court of Appeals by assignment.

The accident occurred after plaintiff had alighted from the truck to help move the elevator to another pile of trees. The truck's motor was running at this time, although the truck was not moving. Plaintiff walked to the rear of the truck and touched the elevator when the elevator frame collapsed and fell on plaintiff, causing him to suffer serious injuries to his ankle, chest, neck, and back.

Plaintiff asserts that, although the truck was parked at the time he was injured, he is entitled to no-fault benefits pursuant to MCL 500.3106(1), subds (b) and (c); MSA 24.13106(1), subds (b) and (c).[1] The relevant provisions state:

"(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

* * *

"(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle."

In *Miller v Auto-Owners Ins Co,* 411 Mich 633,

---

[1] At the time plaintiff's injuries occurred, MCL 500.3106; MSA 24.13106 did not contain a section 2 and section 1 employed slightly different language. While plaintiff's cause of action is actually governed by the language of MCL 500.3106; MSA 24.13106, prior to its amendment by 1981 PA 209, our citations are to the post-amendment version of MCL 500.3106; MSA 24.13106. None of the changes made by 1981 PA 209 affect the substantive analysis of this case.

641; 309 NW2d 544 (1981), the Supreme Court noted the inappropriateness of compensating non-vehicular injuries within the no-fault system which is designed to compensate injuries involving motor vehicles as motor vehicles. The Court in *Miller* further explained the purposes underlying the two exceptions relied upon by plaintiff to the general rule of noncompensability where the injuries arise out of involvement with a parked vehicle:

"Section 3106(b) recognizes that some parked vehicles may still be operated as motor vehicles, creating a risk of injury from such use as a vehicle. Thus a parked delivery truck may cause injury in the course of raising or lowering its lift or the door of a parked car, when opened into traffic, may cause an accident. Accidents of this type involve the vehicle as a motor vehicle.

"Section 3106(c) provides an exception for injuries sustained while occupying, entering or alighting from a vehicle, and represents a judgment that the nexus between the activity resulting in injury and the use of the vehicle as a motor vehicle is sufficiently close to justify including the cost of coverage in the no-fault system of compensating motor vehicle accidents." *Miller*, p 640.

We now turn to the merits of this case, mindful of the principles set forth in *Miller.*

We first address plaintiff's argument that he is entitled to compensation pursuant to MCL 500.3106(1)(b); MSA 24.13106(1)(b).[2] The undisputed facts in this case reveal that plaintiff's injuries

[2] In fact, plaintiff relied only on the occupying or alighting from exception of MCL 500.3106(1)(c); MSA 24.13106(1)(c) in the trial court. However, since defendant does not assert that this fact precludes appellate review and because the record presents an adequate basis upon which to address plaintiff's claim based on MCL 500.3106(1)(b); MSA 24.13106(1)(b), we exercise our discretionary powers to address this issue on its merits. Compare, *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 100-104; 330 NW2d 638 (1982).

were actually caused when the bale elevator collapsed and that this elevator was not "permanently mounted" to plaintiff's truck. Indeed, the bale elevator was never really mounted to the truck. Instead it was independently moved on its wheels to the rear of the truck where the top of the elevator was placed to touch the top of the truck.

Plaintiff, citing *Arnold v Auto-Owners Ins Co,* 84 Mich App 75; 269 NW2d 311 (1978), *lv den* 405 Mich 804 (1979), asserts that his injuries are compensable even though the bale elevator was not permanently mounted to his truck because the injury was caused by "property being lifted onto or lowered from the vehicle in the loading or unloading process". In *Arnold,* this Court concluded that the precursor to MCL 500.3106(1)(b); MSA 24.13106(1)(b) actually embodies two distinct exceptions to the parking exclusion, namely: (1) when the injury is the direct result of physical contact with equipment permanently mounted on the vehicle while this equipment is being used and (2) when the injury results from property which is lifted onto or lowered from the vehicle during the loading or unloading process.

In this case, plaintiff's injuries were not caused by contact with the property being loaded—the trees. The bale elevator was never "loaded" on the truck so that the act of wheeling the elevator away from the vehicle cannot be said to be encompassed within the "loading process". See *Dembinski v Aetna Casualty & Surety Co,* 76 Mich App 181, 183; 256 NW2d 69 (1977). Instead, plaintiff was injured when the bale elevator, a piece of equipment which was never loaded onto the truck, collapsed at an unfortunate moment, outside of the normal loading process. The accident did not

involve the truck as a motor vehicle. The bale elevator, an independent piece of equipment, and not the truck was the focal point of the injury. The bale elevator's collapse could just as easily have occurred next to a barn. Given these facts, we cannot say that the injuries here "related to the character of a parked vehicle as a motor vehicle". *Miller, supra,* p 640. Although somewhat different on its facts, the rationale employed by the Court in *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980), is applicable here and supports our conclusion that plaintiff cannot prevail based upon MCL 500.3106(1)(b); MSA 24.13106(1)(b).

We now turn our attention to plaintiff's contention that he is entitled to no-fault benefits pursuant to MCL 500.3106(1)(c); MSA 24.13106(1)(c). The undisputed facts show that plaintiff had left the cab of the truck and had walked to the rear of the vehicle when the elevator collapsed. At the point of the mishap, the process of alighting from the vehicle had been completed. At most, the facts show a fortuitous or incidental causal connection to the parked truck which is insufficient to support an award of no-fault benefits. See, *inter alia, King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982) (No recovery where plaintiff slipped on ice and injured himself while reaching to unlock car door after returning from grocery shopping), *Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981) (No recovery where plaintiff, after delivering goods and returning to the van she was operating, was injured when she slipped on the ice and came to rest under the vehicle), *A & G Associates, Inc v Michigan Mutual Ins Co,* 110 Mich App 293; 312 NW2d 235 (1981) (Defendant no-fault insurer had no duty

to defend action brought against plaintiff taxi company by a passenger assaulted by one of plaintiff's drivers immediately after exiting from the cab because none of the passenger's theories of liability even arguably came within the ambit of plaintiff's no-fault policy).

In arguing for coverage under MCL 500.3106(1)(c); MSA 24.13106(1)(c), plaintiff advocates application of the extended occupancy rule of *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975). However, *Nickerson* does not apply to this case because plaintiff's truck did not cause his injuries but, rather, the injuries were caused by a new instrumentality, the bale elevator. See, *Kalin v Detroit Automobile Inter-Ins Exchange,* 112 Mich App 497; 316 NW2d 467 (1982), in which no-fault benefits were denied to a plaintiff who advocated application of the extended occupancy rule where an instrumentality other than plaintiff's vehicle caused the injuries and distinguishing *Nickerson* on several other grounds, equally applicable here. Plaintiff's injuries simply do not come within a system intended to compensate injuries flowing from accidents involving motor vehicles as motor vehicles.

Affirmed. Defendant may tax costs.

M. J. KELLY, P.J., concurs in the result only.