## AUTO-OWNERS INSURANCE COMPANY v TURNER

Docket No. 70270. Submitted March 15, 1984, at Detroit.—Decided June 19, 1984.

Craig Turner, a minor, purchased some ice cream at an ice cream truck. While he was standing next to the truck waiting to cross the street, the truck was struck by an uninsured automobile and was pushed against Craig, who suffered leg injuries. Betty Turner, as next friend of Craig, sought uninsured motorist benefits from Auto-Owners Insurance Company, which insured the ice cream truck. Auto-Owners brought an action against Betty Turner seeking a declaration as to its liability under the insurance policy. The Wayne Circuit Court, Sharon Tevis Finch, J., granted Auto-Owners' motion for summary judgment, holding that defendant was not entitled to recover under the policy because the truck was not being used as a motor vehicle at the time of the accident and because Craig was not an insured under the policy because he was not entering, alighting from or occupying the truck. Defendant appealed. *Held:*

1. Under the uninsured motorist provision of the policy Craig Turner was an "insured" only if the injury occurred while he was "in, upon, entering or alighting from" the ice cream truck. At no time while making his purchase did Craig enter, occupy or otherwise make physical contact with the truck. He therefore was not an "insured" under the uninsured motorist provision of the policy, and summary judgment for Auto-Owners was proper.

2. The Court of Appeals need not address the question of whether the trial court erred in finding that the ice cream truck was not being used as a motor vehicle.

Affirmed.

INSURANCE — AUTOMOBILES — UNINSURED MOTORISTS.

A pedestrian, injured by an uninsured motorist while standing near an ice cream truck from which he had made a purchase,

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 315.

What constitutes an "automobile" for purposes of uninsured motorist provisions. 65 ALR3d 851.

was not "in, upon, entering or alighting from" the ice cream truck within the meaning of the uninsured motorist clause of an insurance policy on the truck, and was thus not an "insured" entitled to recovery of noneconomic benefits under the policy, where he had not at any time entered, occupied, or otherwise made physical contact with the truck during the course of his purchase.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.* (by *Barry M. Feldman* and *James J. Hayes, Jr.)*, for plaintiff.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Kathleen L. Bogas)*, for defendant.

Before: WAHLS, P.J., and BRONSON and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant appeals as of right from an order of the trial court granting summary judgment under GCR 1963, 117.2(3) to plaintiff in its action for declaratory relief.

Plaintiff is the insurer of an ice cream truck owned by Mr. Jolly, Inc. On June 16, 1979, this truck was parked in a street in Inkster, Michigan. After purchasing some ice cream, nine-year-old Craig Turner stood next to the truck, waiting for traffic to clear so that he could cross the street. At that moment, an uninsured automobile driven by Dennis Cooper struck the ice cream truck, knocking it against Craig Turner. Craig was pinned under the ice cream truck and suffered a broken right leg and severe lacerations on his right ankle and left knee.

Defendant claimed entitlement to uninsured motorist benefits pursuant to the policy issued by plaintiff to Mr. Jolly, Inc., and filed a demand for

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

arbitration. Plaintiff then filed this action for declaratory judgment and its motion for summary judgment. The trial court ruled that defendant was not entitled to recover under the policy because the ice cream truck was not being used as a motor vehicle at the time Craig was hit, but rather as a store. The court further found that Craig was not an insured under the policy because he was not entering, alighting from or occupying the ice cream truck at the time he was injured.

On this appeal, we must determine whether Craig is entitled to recover uninsured motorist benefits pursuant to plaintiff's insurance policy.[1] Under the terms of the insurance policy issued by plaintiff, defendant is entitled to recover uninsured motorist benefits only if (1) Craig's injuries arose out of the use of a motor vehicle *and* (2) Craig qualifies as an "insured" under the policy. Under the facts of this case, Craig is an "insured" within the meaning of the policy only if he sustained injury "while in, upon, entering or alighting from" the ice cream truck. If, as a matter of law, defendant was unable to satisfy *both* conditions (1) and (2), then summary judgment was properly entered for plaintiff.[2] Because we hold that Craig was not

[1] We do not purport to address the issue of whether plaintiff is liable to Craig for personal protection insurance benefits under Michigan's no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* This case involves defendant's attempt to recover noneconomic loss; *i.e.,* an amount beyond the personal protection insurance benefits.

[2] A similar two-tiered approach has been employed by this Court in the context of the no-fault act, as well. For example, in determining whether the parked vehicle exclusion applies, MCL 500.3106; MSA 24.13106, the courts have first asked whether the claimant fits into one of the three categories of § 3106. If so, the next question is whether the motor vehicle was being used as a motor vehicle, *i.e.,* whether "a causal connection was established between the ownership, operation, maintenance or use of the vehicle and the subsequent injury". *Dowdy v Motorland Ins Co,* 97 Mich App 242, 250; 293 NW2d 782 (1980). Also see, *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979), *lv den* 407 Mich 895 (1979).

"in, upon, entering or alighting from" the ice cream truck within the meaning of the insurance policy, we affirm the trial court's order of summary judgment.

Our Supreme Court previously has had occasion to construe similar language in an insurance policy. In *Nickerson v Citizens Mutual Ins Co*, 393 Mich 324; 224 NW2d 896 (1975), the plaintiff was a passenger in an automobile insured by Citizens Mutual. The car stalled and plaintiff got out to seek assistance. As plaintiff walked to the front of the car, an automobile driven by an uninsured motorist struck the insured automobile from behind, pushing it against plaintiff, who suffered severe injuries. Under the terms of Citizens Mutual's policy, plaintiff was eligible for uninsured motorist benefits if he was "occupying the insured automobile". The policy defined "occupying" as "in or upon or entering into or alighting from". *Id.,* p 328.

The Supreme Court, mindful of the rule that language in an insurance policy is to be strictly construed against the insurer, rejected the approach employed by some jurisdictions that physical contact was a prerequisite to recovery under the provision at issue. Instead, the Court held that the plaintiff was an "assured" under the policy, "due to his immediate prior 'occupying' of the insured vehicle and his subsequent injury arising out of the use or repair of the same vehicle". *Id.,* p 331.

The "occupying, entering into, or alighting from" language has arisen in cases before this Court in a related, though different, context. Under the no-fault act, injury which arises out of the use of a parked vehicle is generally not compensable. However, if "the injury was sustained by a

person while occupying, entering into, or alighting from the vehicle", then the injury is deemed to have arisen "out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle" and is compensable. MCL 500.3106; MSA 24.13106.

This Court has not limited recovery under this no-fault provision to persons injured while actually inside the vehicle at the time of the injury. *Dowdy v Motorland Ins Co,* 97 Mich App 242, 248; 293 NW2d 782 (1980). However, even where this Court has extended the "in, upon, entering into or alighting from" clause to a person standing outside of the vehicle, the person had at least physically occupied the vehicle immediately prior to the accident. See *Royston v State Farm Mutual Automobile Ins Co,* 130 Mich App 602; 344 NW2d 14 (1983). (The process of "alighting" from a vehicle was completed where plaintiff had left the cab of his truck and walked to the rear of the vehicle when the elevator collapsed.); *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624; 341 NW2d 163 (1983) (Plaintiff who got out of his truck and climbed half-way up the flight of stairs on to the loading dock, turned to go back to the truck and slipped, was not injured while "occupying" his truck within the meaning of § 3106); *Krueger v Lumbermens Mutual Casualty Co,* 112 Mich App 511; 316 NW2d 474 (1982) (Plaintiff had not finished "alighting from" a vehicle when he was injured as a result of his climbing out of a truck, placing his right foot on the ground and his left foot into a hole in the ground.)[3]

---

[3] Other cases have similarly broadly construed the term "occupy" in the no-fault provisions dealing with an injured employee and insurer priority set forth in MCL 500.3114; MSA 24.13114. See, *Kalin v Detroit Automobile Inter-Ins Exchange,* 112 Mich App 497; 316 NW2d 467 (1982); and *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979), where panels of this Court relied on the rule in

It is undisputed that Craig Turner stood outside of the ice cream truck during the course of his purchase; at no time did he enter into, occupy, or otherwise make physical contact with the truck. Neither the plain language of the policy clause nor prior case law would permit us to interpret Craig's activity as "in, upon, entering into or alighting from" the ice cream truck. Even if we so extended the language, plaintiff would have a strong argument that Craig had finished "alighting from" the truck at the time he was hit. We, therefore, conclude that Craig was not an "insured" under the policy issued by plaintiff.

Our disposition of this case renders it unnecessary to address defendant's claim that the trial court erred in finding that Craig's injuries did not arise out of the use of the ice cream truck as a motor vehicle.[4] Defendant is not entitled to uninsured motorist benefits because Craig was not injured while in, upon, entering into or alighting from the ice cream truck.

Affirmed.

---

*Nickerson, supra,* that a statutory "occupant" must have, at least, actually occupied the vehicle immediately prior to the accident.

[4] The issue of whether a vehicle ceases to be "used as a motor vehicle" within the meaning of the no-fault act, when it functions in another capacity, was recently addressed by this Court in *Johnston v Hartford Ins Co,* 131 Mich App 349; 346 NW2d 549 (1984). *Johnston* involved an employee who was injured while operating a mobile crane. Our research discloses two cases in other jurisdictions where the subject motor vehicle was an ice cream truck, *Chronister v State Farm Mutual Auto Ins Co,* 72 NM 159; 381 P2d 673 (1963), and *Handley v Oakley,* 10 Wash 2d 396; 116 P2d 833 (1941). Although we do not purport to agree or disagree with those decisions, both foreign courts refused to construe the applicable automobile insurance contracts as providing coverage when the injury occurred in connection with the operation of a parked ice cream truck.