FROHM v AMERICAN MOTORISTS INSURANCE COMPANY

Docket No. 80407. Submitted June 11, 1985, at Grand Rapids.—Decided October 31, 1985.

Plaintiff, David H. Frohm, injured his back in the course of his employment as a refuse truck driver. He filed suit against defendant, American Motorists Insurance Company, in Calhoun Circuit Court, seeking no-fault personal protection insurance benefits. Defendant filed a motion for summary judgment contending that plaintiff's injury did not arise out of the use of a motor vehicle as a motor vehicle and that plaintiff's injury did not fall within any of the exceptions contained in the parked vehicle provision of the no-fault act. The circuit court, Stanley E. Everett, J., denied defendant's motion and thereafter certified its denial to the Court of Appeals, which granted defendant leave to appeal. *Held:*

1. Plaintiff's injury was not the direct result of his physical contact with equipment permanently mounted on the vehicle or with property being lifted onto or lowered from the vehicle in the loading or unloading process, and plaintiff's injury did not occur while he was occupying his vehicle. Therefore, plaintiff did not meet any of the parked vehicle exceptions in the no-fault act. The circuit court erred in denying defendant's motion for summary judgment.

2. The Court of Appeals declined to address defendant's contention that plaintiff's injury did not arise out of the operation or use of a motor vehicle as a motor vehicle since it found that plaintiff did not meet any of the parked vehicle exceptions in the no-fault act.

Reversed and remanded.

1. Insurance — No-Fault Insurance — Parked Vehicles.

An injury sustained while loading a container on a loading dock, which container is to be loaded onto a motor vehicle, is not an

References

Am Jur 2d, Automobile Insurance §§ 205-216, 340-368.

What constitutes occupancy of motor vehicle for purpose of no-fault automobile insurance coverage. 35 ALR4th 364.

Risks within "loading and unloading" clause of motor vehicle liability insurance policy. 6 ALR4th 686.

injury sustained resulting from physical contact with equipment permanently mounted on the vehicle while the equipment was being operated or used, nor is it an injury resulting from physical contact with property being lifted onto or lowered from the vehicle in the loading or unloading process; such an injury does not meet the parked vehicle exceptions in the no-fault act and, therefore, is not compensable under no-fault personal protection insurance (MCL 500.3106; MSA 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

An injured person who did not physically occupy a vehicle immediately prior to the accident giving rise to his injury, or who did not have physical contact with his vehicle at the time of the accident, does not satisfy the occupancy requirement of the parked vehicle exceptions in the no-fault act and is not entitled to recover no-fault personal protection insurance (MCL 500.3106; MSA 24.13106).

*Michael Bingen,* for plaintiff.

*Paul Van Oostenburg,* for defendant.

Before: GRIBBS, P.J., and CYNAR and P. J. DUGGAN,* JJ.

PER _ CURIAM. Defendant appeals by leave granted from the trial court's denial of its motion for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), on plaintiff's claim for no-fault benefits. We reverse.

In the course of plaintiff's employment as a driver of a refuse truck, he loaded large free-standing metal waste containers onto his truck by attaching a metal cable to the waste container and engaging a hydraulic mechanism on his truck to winch the container onto the bed of the vehicle. In order to operate the hydraulic mechanism, it was necessary to keep the engine of the truck running and to use levers located inside the cab to maneuver the container.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 21, 1981, the date of plaintiff's injury, plaintiff hooked the cable to the waste container, but prior to engaging the hydraulic mechanism he climbed onto the adjacent loading dock to throw wooden pallets into the waste container. While throwing a pallet into the waste container, and standing with one foot on the loading dock and one foot on the waste container, plaintiff injured his back.

Plaintiff filed this no-fault action seeking benefits for his back injury sustained while he was engaged in the use or operation of the refuse truck. Defendant brought a motion for summary judgment alleging that plaintiff's injury did not arise out of the use of a motor vehicle as a motor vehicle, MCL 500.3105(1); MSA 24.13105(1), and that plaintiff's injury did not fit within any of the exceptions contained in the parked vehicle provision of the no-fault act. MCL 500.3106; MSA 24.13106. The trial court denied defendant's motion, holding that the threshold requirement of MCL 500.3105(1); MSA 24.13105(1) was met, and that both subsections (b) and (c) of the parked vehicle provision, MCL 500.3106; MSA 24.13106, applied to provide no-fault benefits to plaintiff. The trial court also certified its denial of defendant's motion for summary judgment to this Court, and leave to appeal was granted by this Court.

Turning first to the parked vehicle provision, MCL 500.3106; MSA 24.13106, we find that plaintiff does not fall within subsection (b) or (c) of this provision. At the time of plaintiff's injury, the parked vehicle provision provided:[1]

"Accidental bodily injury does not arise out of the

---

[1] If the accident had occurred after December 31, 1981, MCL 500.3106(2); MSA 24.13106(2), added by 1981 PA 109, would have barred recovery under these circumstances.

ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

\* \* \*

"(b) The injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle."

With respect to subsection (b), it is readily apparent that plaintiff's injury was not the direct result of his physical contact with equipment permanently mounted on the vehicle, but occurred during the loading of containers which were themselves to be subsequently loaded onto his vehicle. Furthermore, even if his loading of the containers to be loaded onto the vehicle was considered part of the loading or unloading process, and even though plaintiff was in contact with the property, *i.e.,* waste container, to be loaded, his injury did not *directly result from* physical contact with *the property, i.e.,* the waste container, *being lifted onto or lowered from his vehicle. Arnold v Auto-Owners Ins Co,* 84 Mich App 75, 80; 269 NW2d 311 (1978), *lv den* 405 Mich 804 (1979). Thus plaintiff does not meet subsection (b) of the parked vehicle provision.

With respect to subsection (c), plaintiff's injury did not occur while he was occupying his vehicle.[2] Although "occupancy" has been liberally construed by our Courts, see *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511, 515-517; 282 NW2d 374 (1979), we find that on the facts of this case, plaintiff was not "occupying" his vehicle. See also *Royal Globe Ins Co v Frankenmuth Mutual Ins Co,*

[2] Plaintiff does not contend that he was entering into or alighting from the vehicle.

419 Mich 565; 357 NW2d 652 (1984). Plaintiff did not physically occupy the vehicle immediately prior to the accident, contrast *Hathcox, supra,* nor did he have physical contact with his vehicle at the time, contrast *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700, 703; 335 NW2d 232 (1983) (plaintiff had one foot on loading dock and one foot on the vehicle trailer). Instead, plaintiff was in contact with property (waste container) to be loaded onto his vehicle.

Since plaintiff does not meet the parked vehicle exceptions of the no-fault act, the trial court erred in denying defendant's motion for summary judgment. Because we find that plaintiff has not met the parked vehicle exceptions of the no-fault act, we decline to address defendant's additional contention that plaintiff did not meet the threshold requirement of MCL 500.3106; MSA 24.13106, *i.e.,* that plaintiff's injury arose out of the operation or use of a motor vehicle as a motor vehicle. We reverse and remand for entry of summary judgment for defendant.

Reversed amd remanded.