RITCHIE v FEDERAL INSURANCE COMPANY

Docket No. 66718. Submitted January 19, 1984, at Detroit.—Decided February 21, 1984. Leave to appeal applied for.

Michael Ritchie was seriously injured when the stairway that he was descending collapsed. He was carrying a 50-pound block of ice to his parked truck to load it onto the truck. Ritchie filed a suit in Wayne Circuit Court against Federal Insurance Company and Chubb Group Insurance Companies seeking no-fault automobile insurance benefits. The court, Thomas J. Foley, J., granted summary judgment for the defendants. Ritchie appealed by leave granted. *Held:*

The circuit court erred in granting summary judgment for the defendants. Section 3106(b) of the no-fault act makes injuries which are a direct result of physical contact with property being lifted onto or lowered from a parked vehicle in the loading or unloading process compensable. It is a question of fact whether plaintiff's contact with the ice directly resulted in his injury. The plaintiff's claim that he is entitled to benefits under § 3106(c) of the no-fault act, which provides for benefits for injuries sutained while entering into a vehicle, is without merit.

Reversed.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES — EQUIPMENT ON VEHICLES.

A section of the no-fault automobile insurance act which provides that no-fault insurers are liable for paying certain claims arising from accidents involving parked motor vehicles where "the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process" makes compensable injuries which are a direct result of physical contact with property being lifted onto or being low-

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 23, 205 *et seq.*, 354, 355.
Validity and construction on "no fault" automobile insurance plans. 42 ALR3d 229.

ered from the parked vehicle in the loading or unloading process; whether an injury which occurs while, and not as a result of, loading property onto a vehicle is compensable is an open question (MCL 500.3106[b]; MSA 24.13106[b]).

*Frank R. Langton & Associates, P.C.* (by *William J. McNally*), for plaintiff.

*Holahan, Malloy, Maybaugh & Monnich* (by *J. Michael Malloy, III*), for defendants.

Before: SHEPHERD, P.J., and BRONSON and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff was seriously injured when a short stairway he was descending collapsed as he held a 50-pound block of ice over his head in an effort to load it onto his parked truck. Plaintiff filed a claim for no-fault benefits. Defendant insurance carriers denied the claim and a lawsuit was filed. Thereafter, the trial court granted defendants' motion for summary judgment, GCR 1963, 117.2(3). Plaintiff filed an application for leave to file a delayed appeal from the trial court's ruling, which was granted by this Court.

Plaintiff claims that the trial court erred as a matter of law in ruling that his injuries did not arise out of the ownership, operation, maintenance or use of a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). Specifically, plaintiff claims that he is entitled to no-fault benefits under both subsection (b) and (c) of MCL 500.3106; MSA 24.13106.

"Sec. 3106. Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle."

We hold that plaintiff's claim that he is entitled to benefits under MCL 500.3106(b) is meritorious. In *Arnold v Auto-Owners Ins Co,* 84 Mich App 75; 269 NW2d 311 (1978), *lv den* 405 Mich 804 (1979), the plaintiff ruptured a disc in his back while he was lifting a ramp onto the upper deck of his employer's truck. Defendant insurance companies contended that the injury was not compensable under § 3106(b) because it was not caused by physical contact with the equipment permanently mounted on the vehicle. This Court reversed the lower court's grant of summary judgment for the insurance companies, holding:

"[W]e conclude that § 3106(b) makes compensable injuries which are a direct result of physical contact with property being lifted onto or lowered from the parked vehicle in the loading or unloading process." *Arnold, supra,* p 80.

We find that whether or not plaintiff is entitled to benefits for any injury that occurs while, and not as a result of, loading property onto a vehicle is an open question. *Cf. Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981); *Dembinski v Aetna Casualty & Surety Co,* 76 Mich App 181; 256 NW2d 69 (1977).

Additionally, we find that it is a question of fact

whether plaintiff's contact with the ice directly resulted in his injury. It appears that plaintiff was injured when the stairs collapsed under him as he held a block of ice over his head while in the process of loading his truck. The stairway broke because of the combined weight of plaintiff and the block of ice. Defendant's brief admits that "[l]ogic would dictate that the stairway gave way under the weight of the plaintiff and the block of ice". In that respect, applying the commonly approved usage of the language, "physical contact" with the "property being lifted" during the loading process could arguably have "directly resulted" in causing plaintiff's injury. The weight of the ice may have been the straw that broke the camel's back.

For the above stated reasons, we hold that summary judgment was improperly granted under MCL 500.3106(b).

Plaintiff's claim that he is entitled to benefits under MCL 500.3106(c) is without merit. Subsection (c) is not applicable because the plaintiff was not occupying, entering into, or alighting from the truck when he was injured. *Dowdy v Motorland Ins Co,* 97 Mich App 242, 247-252; 293 NW2d 782 (1980). As such, summary judgment on this ground was proper.

Reversed.