McKIM v HOME INSURANCE COMPANY

Docket No. 72081. Submitted March 15, 1984, at Lansing.—Decided
April 16, 1984. Leave to appeal applied for.

Thomas T. McKim, a truck driver, suffered a myocardial infarc-
tion while unloading his truck during the course of his employ-
ment. McKim, individually and as next friend of his minor
children Dallas and Termina McKim, brought an action for
payment of no-fault insurance benefits against Home Insurance
Company, the insurer of his employer, and Farm Bureau
General Insurance Company, his personal no-fault insurer.
Both insurers moved for summary judgment. The Bay Circuit
Court, Eugene C. Penzien, J., granted summary judgment to
Farm Bureau because the plaintiff was acting in the course of
his employment, thus making Home Insurance primarily liable
under the statute. The court then granted summary judgment
to Home Insurance on the basis that McKim did not sustain an
accidental bodily injury within the meaning of the act. Plaintiff
appealed from the summary judgment in favor of defendant
Home. *Held:*

It is an accepted proposition that physical strain can "cause"
cardiac disability. Given that proposition, the question of
whether plaintiff's myocardial infarction and resultant disabil-
ity are directly traceable to his unloading of the trailer, and
are thereby compensable, is not properly resolved by summary
judgment but, rather, is a question of fact.

Judgment in favor of Farm Bureau affirmed, judgment in
favor of Home Insurance reversed, and remanded.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

Injuries which are a direct result of physical contact with prop-
erty being lifted or lowered into or from a parked vehicle in the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 207, 208, 354.
Risks within "loading and unloading" clause of motor vehicle
liability insurance policy. 6 ALR4th 686.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

loading or unloading process may be compensable under the no-fault automobile insurance statute (MCL 500.3106; MSA 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — CARDIOVASCULAR DISABILITY — QUESTION OF FACT.

The question of whether a plaintiff's myocardial infarction and resultant disability is traceable to his unloading of a trailer and, therefore, compensable under the no-fault insurance statute, is a question of fact, and not properly resolved by summary judgment given the widely accepted premise that cardiovascular disabilities can be caused by physical strain (MCL 500.3106; MSA 24.13106).

*Sperry & Dinse, P.C.* (by *Michael J. Matuzak),* for plaintiff.

*Marshall G. MacFarlane,* for defendant Home Insurance Company.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *J. Edmund Frost),* for defendant Farm Bureau General Insurance Company.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

ALLEN, J. Plaintiff filed suit to recover no-fault benefits pursuant to MCL 500.3106; MSA 24.13106 from either or both defendant insurers for a myocardial infarction sustained by plaintiff on September 3, 1981. Defendants filed motions for summary judgment under GCR 1963, 117.2(1). On June 6, 1983, the trial court entered orders granting summary judgment to both defendants. Plaintiff appeals as of right.

Plaintiff, Thomas McKim, was a 44-year-old truck driver, employed by Ben Ruegsegger Trucking, hauling out of Kawkawlin, Michigan. On Sep-

* Circuit judge, sitting on the Court of Appeals by assignment.

tember 3, 1981, while acting in the course of his employment, plaintiff drove his own semi-tractor and trailer to Milwaukee to the loading dock of the Pabst Brewing Company. At the time, plaintiff was personally insured by defendant Farm Bureau General Insurance Company pursuant to the Michigan no-fault act, and defendant Home Insurance Company was the insurer of plaintiff's employer, Ben Ruegsegger Trucking.

Upon arrival at the Pabst loading dock, plaintiff assisted in unloading beer cases full of empty bottles. During this process, he evidently overexerted himself and began to suffer physical distress. In particular he experienced sweating, nausea and generalized weakness of his extremities. The complaint mentions in particular weakness of the arms. Even though plaintiff was experiencing physical distress, he attempted to drive from Milwaukee to his point of delivery in Saginaw, Michigan, and then home to Alger, Michigan. Due to plaintiff's weakness, and his tractor's lack of power steering or air conditioning, plaintiff became so weak and ill he could not continue. He stopped to rest. After a time, however, he completed his route and delivery.

It was subsequently discovered that plaintiff had sustained a myocardial infarction while loading or unloading the vehicle. Plaintiff brought suit on September 3, 1982, seeking to recover benefits from either or both defendants.

Home moved for summary judgment on May 4, 1983, alleging that plaintiff did not suffer "accidental bodily injury" as defined by § 3105 of the act, and further asserted that Farm Bureau should be responsible for paying benefits because plaintiff was not an occupant of his employer's vehicle or acting within the course of his employment when he suffered his attack.

Following a hearing on May 23, 1983, the trial court determined that Farm Bureau was not responsible for benefits because plaintiff was acting in the course of his employment and, therefore, the priorities of the act made Home primarily liable. The court then went on to grant summary judgment in favor of Home because plaintiff did not sustain accidental bodily injury within the meaning of the act. On June 6, 1983, the court issued two orders, one in favor of each defendant, granting their respective motions for summary judgment. On appeal, plaintiff does not contest the judgment in favor of Farm Bureau. Plaintiff does contest the trial court's determination in favor of Home on grounds that *as a matter of law* the heart attack was not "accidental".

Based on the foregoing facts, the single issue presented on appeal is whether the trial court properly concluded that plaintiff's myocardial infarction as a matter of law could not be "accidental bodily injury" under § 3105 of the no-fault act. Defendant Home contends that this Court, having held in *Wheeler v Tucker Freight Lines Co,* 125 Mich App 123, 127-128; 336 NW2d 14 (1983), that no-fault benefits are payable only for an injury sustained in a single accident which has a temporal and spatial location, must also hold that benefits for a myocardial infarction cannot be paid since a myocardial infarction always arises out of a series of events over a significant time frame. In essence, defendant asserts that, as a matter of law, an obstruction of coronary arteries (myocardial infarction) cannot occur in a single accident having an identifiable time and space location. We disagree.

In the instant case plaintiff has traced his injury to the unloading of the trailer. The problem is that

a heart attack may be inevitable because of the victim's prior habits or family history. The Supreme Court has, in fact, recognized this problem. Compare *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 125-126; 274 NW2d 411 (1979); *Zaremba v Chrysler Corp,* 377 Mich 226, 231-232; 139 NW2d 745 (1966). While defendant Home argues strenuously that the accident or heart problem was caused by 44 years of accumulated blockage of plaintiff's arteries, this Court and its interpretation of the act must deal with the nationwide acceptance of the proposition that "physical strain can 'cause' cardiac disability or death". Our Supreme Court so held in *Kostamo, supra,* p 126, fn 11, cases and sources cited therein.

In the instant case, plaintiff alleged he was entitled to benefits pursuant to MCL 500.3106; MSA 24.13106. At the time of the accident, that section provided:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." 1972 PA 294, § 3106.

This Court has previously concluded that subsection (b) makes compensable injuries which are a direct result of physical contact with property being lifted or lowered from a parked vehicle in

the loading or unloading process. *Ritchie v Federal Ins Co,* 132 Mich App 372; 347 NW2d 478 (1984). *Ritchie* held that it was a question of fact whether plaintiff's contact with a 50-pound block of ice which plaintiff was loading on his parked truck directly caused his injury. Summary judgment was therefore improper as to Ritchie's claim based on MCL 500.3106(b); MSA 24.13106(b), as it read at the time of the accident.

Similarly, given the widely accepted premise that cardiovascular disabilities can be caused by physical strain, we conclude that the instant case is not one properly resolved by summary judgment pursuant to GCR 1963, 117.2(1). Whether plaintiff's myocardial infarction and the resultant disability are directly traceable to his unloading of the trailer in Milwaukee, Wisconsin, involves a factual question, presumably one to be resolved by the jury. Compare *Ritchie, supra,* and *Denning v Farm Bureau Ins Group,* 130 Mich App 777; 344 NW2d 368 (1983).

Accordingly, the order of summary judgment in favor of Home Insurance Company is vacated and the order of summary judgment in favor of Farm Bureau General Insurance Company is affirmed. In deference to the respected trial judge, we acknowledge that at the time the court ruled on the motions, the court did not have the benefit of this Court's opinions in *Ritchie* and *Denning, supra.*

Affirmed in part, reversed in part and remanded to the trial court in accordance with this opinion. Costs to plaintiff.