## McKIM v HOME INSURANCE COMPANY

Docket No. 94111. Submitted July 21, 1987, at Lansing. Decided October 20, 1987.

Thomas T. McKim suffered a heart attack while unloading a truck during the course of his employment. He and his employer entered into a redemption agreement for $20,000. He then brought an action in the Bay Circuit Court against Home Insurance Company, his employer's no-fault insurer. Defendant was granted summary disposition on the basis that plaintiff's myocardial infarction could not, as a matter of law, constitute an accidental bodily injury under the no-fault act. Plaintiff appealed and the Court of Appeals reversed and held that whether there was an "accidental bodily injury" was a question of fact to be resolved by the jury, 133 Mich App 694 (1984). The case was remanded for trial. Prior to trial, defendant sought partial summary disposition on the issue of damages. Defendant claimed that, notwithstanding the redemption agreement, defendant was entitled to a setoff of all amounts to which plaintiff may have been entitled under the workers' compensation act. The motion for partial summary disposition was denied. In the event that the jury found in plaintiff's favor, the parties stipulated to the amount of damages and agreed that wage loss and medical expense damages would be reduced by $10,000 each, representing the total $20,000 paid under the redemption agreement, but also agreed to preserve appellate review on the issue of the proper amount of the setoff. From a judgment on a jury verdict in plaintiff's favor, Eugene C. Penzien, J., defendant appealed.

The Court of Appeals held:

No-fault benefits are to be offset by the amount of workers'

### References

Am Jur 2d, Automobile Insurance §§ 28 et seq.; 367, 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

Insured's receipt of or right to workmen's compensation benefits as affecting recovery under accident, hospital, or medical expense policy. 40 ALR3d 1012.

compensation benefits required by statute to be paid rather than the amount actually paid under a redemption agreement.

Reversed and remanded.

INSURANCE — NO-FAULT — WORKERS' COMPENSATION — SETOFFS.

The amount of workers' compensation benefits which must be subtracted by a no-fault insurer from personal protection insurance benefits otherwise payable to a worker injured in an automobile accident in the course of employment is the amount of workers' compensation potentially required to be paid under the workers' compensation act; entry by the worker into a redemption agreement with the workers' compensation carrier which results in the relinquishing of rights to future payment and, thus, a reduction in potential recovery does not affect the amount required to be offset by the no-fault insurer.

*Sperry & Dinse, P.C.* (by *Ralph H. Dinse*), for plaintiff.

*Keil, Henneke & McKone, P.C.* (by *Marshall G. MacFarlane*), for defendant.

Before: DANHOF, C.J., and McDONALD and E. M. THOMAS,* JJ.

PER CURIAM. Defendant appeals as of right from a judgment on a jury verdict in favor of plaintiff. Plaintiff filed suit to recover no-fault benefits under MCL 500.3105; MSA 24.13105. Summary disposition was previously granted to defendant, but the order was reversed and the case remanded in *McKim v Home Ins Co,* 133 Mich App 694; 349 NW2d 533 (1984), lv den 422 Mich 853 (1985).

Plaintiff suffered a myocardial infarction as he was unloading a truck while acting in the course of his employment. Defendant is the employer's insurer. Plaintiff sought workers' compensation benefits. Defendant contended that workers' compensation benefits were not due because plaintiff's

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

claim was not causally related to his employment. Plaintiff requested an administrative hearing. After medical depositions were taken, plaintiff, his employer and defendant entered into a redemption agreement for $20,000.

Plaintiff filed suit to recover no-fault benefits. Defendant was granted summary disposition on the basis that plaintiff's myocardial infarction could not, as a matter of law, constitute an "accidental bodily injury" under § 3105 of the no-fault act. We reversed and held that whether there was an "accidental bodily injury" was a question of fact to be resolved by the jury. This case was remanded for trial.

Prior to trial, defendant sought partial summary disposition on the issue of damages. Defendant claimed that, notwithstanding the redemption agreement, defendant was entitled to a setoff of all amounts to which plaintiff may have been entitled under the worker's compensation act. The motion for partial summary disposition was denied. In the event that the jury found in plaintiff's favor, the parties stipulated to the amount of damages. The parties agreed that wage loss and medical expense damages would be reduced by $10,000 each, representing the total $20,000 paid under the redemption agreement. The parties agreed to preserve appellate review on the issue of the proper amount of the setoff.

Defendant's first argument is that a myocardial infarction is not an "accidental bodily injury" under § 3105 of the no-fault act. We previously held in this same case that a myocardial infarction could be an "accidental bodily injury" and that the issue was one of fact for the jury. *McKim, supra.* Defendant does not argue that the jury verdict is based on insufficient evidence or that the instruction given was inadequate. Nor does defendant

present any new issues. Therefore, defendant's first argument lacks merit.

Defendant's second argument is that it is entitled to a setoff in the amount of all workers' compensation benefits that plaintiff would have received had he not redeemed his claim. We believe this issue was answered by *Gregory v Transamerica Ins Co,* 425 Mich 625; 391 NW2d 312 (1986). In *Gregory,* our Supreme Court held that no-fault benefits are to be offset by the amount of workers' compensation benefits required by statute to be paid rather than the amount actually paid under a redemption agreement.

Plaintiff argues that *Gregory* is distinguishable from the present case because plaintiff has never established any right to receive workers' compensation benefits. In *Gregory,* the plaintiff received worker's compensation benefits for six weeks, at which time the disability was disputed and payments were discontinued. In the present case, plaintiff never received any workers' compensation benefits because his entitlement to benefits was disputed from the start. We see no basis on which to distinguish *Gregory* from the present case. After the first six weeks of payments, the plaintiff in *Gregory* was no more assured of his entitlement to benefits than plaintiff in the present case. Moreover, the basis of the *Gregory* holding is that plaintiff need not be assured of entitlement to benefits, but need only have potential benefits "available" to plaintiff under the workers' compensation act. The present case is controlled by *Gregory.* The personal protection insurance benefits payable to plaintiff should have been offset by the amount of benefits available under the workers' compensation act.

Reversed and remanded for modification of the judgment in accordance with this opinion.