COFFER v AMERICAN INCOME LIFE INSURANCE COMPANY

Docket No. 94276. Submitted November 18, 1987, at Detroit. Decided February 10, 1988.

Lester Coffer, while engaged in the strenuous activity of his normal job duties, felt a severe chest pain. He was subsequently hospitalized for eight days. Approximately five months later, he underwent open heart surgery and has not worked since that time. Under the terms of an insurance policy issued to Coffer by American Income Life Insurance Company, Coffer would be entitled to sixty months of disability benefits if and when he became totally disabled due to accident and to twenty-four months of disability benefits if he became disabled due to sickness. Coffer received disability benefits for twenty-four months in accordance with the policy provision for disability due to sickness. At the conclusion of the twenty-four-month period, Coffer demanded that American Income pay him for an additional thirty-six months in accordance with the policy provision for disability due to accident. American Income refused. Coffer filed suit against American Income in Wayne Circuit Court, seeking the additional benefits. The court, James N. Garber, J., granted summary disposition in favor of American Income, finding that the chest pains suffered during plaintiff's strenuous work activity and subsequent disability did not constitute an accident within the meaning of plaintiff's disability insurance policy. Plaintiff appealed.

The Court of Appeals held:

The words "accident" and "sickness" are not defined in the insurance policy. Therefore they must be given their plain, clearly understood meanings. The word "accident" as it is generally understood involves some abnormal or unusual happenings. There was nothing abnormal or unusual in the activities which preceded plaintiff's chest pains. The activity plaintiff

REFERENCES

Am Jur 2d, Insurance §§ 1-3, 559 et seq.

Liability insurance: what is claim" under deductibility-per claim clause. 60 ALR4th 983.

Liability insurance: "accident" or "accidental" as including loss resulting from ordinary negligence of insured or his agent. 7 ALR3d 1262.

was engaged in was a normal part of his employment. The trial court properly granted summary disposition in favor of defendant.

Affirmed.

INSURANCE — WORDS AND PHRASES — "ACCIDENT".

The word "accident" when used in an insurance policy and not defined therein must be given its plain, clearly understood meaning; the plain, clearly understood meaning of the word "accident" involves abnormal or unusual happenings.

*Bernstein & Bernstein, P.C.* (by *Kathy I. Contos*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Timothy F. Casey* and *Paul J. Schwab*), for defendant.

Before: MACKENZIE, P.J., and DOCTOROFF and P. J. CLULO,* JJ.

DOCTOROFF, J. Plaintiff appeals from the order of the Wayne Circuit Court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). The trial court concluded that chest pains suffered during strenuous work activity and subsequent disability did not constitute an accident within the meaning of plaintiff's disability insurance policy. We agree with the trial court and thus affirm.

On and prior to June 25, 1980, defendant had an insurance relationship with plaintiff arising out of a policy of insurance issued to plaintiff on December 4, 1971. Said policy contained benefit provisions stating that if and when plaintiff became totally disabled due to accident he would be entitled to sixty months of disability benefits and that if he became disabled due to sickness he would be entitled to twenty-four months of disability bene-

* Circuit judge, sitting on the Court of Appeals by assignment.

fits. Benefits would be payable at the rate of $300 per month.

Plaintiff's normal job duties for his employer involved the strenuous activity of tying cars onto a semitrailer truck car hauler. On June 25, 1980, while performing these duties, he felt a severe chest pain. He was subsequently hospitalized for eight days.

On December 8, 1980, plaintiff underwent open heart surgery. He has not worked since that time. Plaintiff never told any doctor or hospital that he had had an accident.

The insurance policy in question contains the following definitions under Part Three, Total Disability Benefits—Accident or Sickness:

> (A) TOTAL DISABILITY ACCIDENT BENEFIT FOR SIXTY MONTHS. If such injury does not result in any of the specific losses named in Part One, but shall cause continuous total disability and total loss of time within twenty days from the date of the accident and requires regular and personal attendance by a licensed Doctor of Medicine, Surgeon or Osteopath, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Schedule of Policy for one day or more from the first medical treatment so long as the Insured is so disabled, suffers such loss of time and requires such personal attendance, but not exceeding sixty months for any one accident.
>
> (B) TOTAL DISABILITY SICKNESS BENEFIT FOR TWENTY-FOUR MONTHS. If such sickness causes continuous total disability and total loss of time, and requires regular and personal attendance by a licensed Doctor of Medicine, Surgeon or Osteopath, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Schedule of Policy for one day or more from the first medical treatment for the period the Insured is so disabled, suffers such loss of time and re-

quires such personal attendance, but not exceeding twenty-four months for any one sickness.

As a result of plaintiff's disability, he filed a claim with defendant and received twenty-four months of disability benefits at $300 per month in accordance with the policy provision for disability due to sickness. At the conclusion of the twenty-four months, plaintiff demanded that defendant pay him thirty-six additional months for accident disability benefits, which defendant refused to do.

Plaintiff then filed a complaint against defendant seeking to recover benefits for the additional thirty-six-month period under his policy's accident provision.

On his application for benefits, plaintiff left blank the answer to the question, "If an accident, how did the injury happen?" The attending physician answered the question, "If injured, how did accident happen?" with NA (not applicable).

Next, plaintiff filed a motion for summary dispostion, which was denied. Defendant followed with its motion for summary disposition, which the trial court granted. The trial court noted a belief that the words "accident" and "sickness" were not defined in the policy because they had clearly understood meanings.

Plaintiff claims on appeal that the trial court erred in denying his motion for summary disposition and granting defendant's motion by deciding that he was not disabled as a result of an accident.

Summary disposition pursuant to MCR 2.116(C)(10) is proper only if there is no genuine issue as to any material fact and the party in whose favor judgment is granted is entitled to judgment as a matter of law. The Court must consider the pleadings, affidavits and other available evidence and be satisfied that the claim or

position asserted cannot be supported at trial because of some deficiency which cannot be overcome. *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684; 403 NW2d 197 (1987), lv den 428 Mich 900 (1987).

In *Skowronek v United Benefit Life Ins Co,* 567 F Supp 63 (ED Mich, 1983), aff'd 754 F2d 167 (CA 6, 1985), the United States district court, applying Michigan law, held that "[o]nly when something unusual, abnormal or unexpected happens in conjunction with an on-the-job heart attack following a voluntary act will recovery be permitted under an accidental death clause." The *Skowronek* court rejected the construction of *Collins v Nationwide Life Ins Co,* 409 Mich 271; 294 NW2d 194 (1980), urged by the plaintiff in that case. In *Collins,* the Michigan Supreme Court stated that "if death results from the voluntary act of the victim, but the result is unexpected, unanticipated and unforeseen, it is an accidental death." *Id.* at 276, quoting *Minton v Stuyvesant Life Ins Co,* 373 F Supp 33, 35 (D Nev, 1974). Although the language superficially fits this case, it was used in *Collins* to distinguish intentional death from accidental death by alcoholic intoxication. If extended to define "accident" in general, the *Collins* language would require a plaintiff only to prove a voluntary act and an unexpected injury in order to recover accident benefits. *Skowronek, supra* at 65. Such a result would defeat the plain meaning of the word "accident."[1]

While ambiguous words should be interpreted

---

[1] Cf. *McKim v Home Ins Co,* 133 Mich App 694; 349 NW2d 533 (1984), lv den 422 Mich 853 (1985), appeal after remand 163 Mich App 828; 415 NW2d 315 (1987), holding that the question whether a myocardial infarction is an "accidental bodily injury" under § 3105 of the no-fault act, MCL 500.3105; MSA 24.13105, is for jury determination.

most favorably to the insured, such is not the case when no ambiguity is involved.

As stated in *Wozniak v John Hancock Mutual Life Ins Co*, 288 Mich 612, 615; 286 NW 99 (1939), wherein the Court adopted the opinion of the trial court:

> "An insurance policy is a contract and should be interpreted according to its plain meaning. The Court is mindful of the rule of law that where the provisions of an insurance policy are uncertain or ambiguous, or the meaning is not clear, that those terms should be given such interpretation or construction as is most favorable to the insured. This rule does not mean, however, that the plain meaning of plain words should be perverted, or that a word or phrase, the meaning of which is specific and well recognized, should be given some alien construction merely for the purpose of benefiting the insured."

The *Skowronek* standard, requiring some abnormal or unusual happenings in order to find an accident, comports with the clear meaning of the word "accident." Applying this rule, it is evident that there was nothing abnormal or unusual in the activities which preceded plaintiff's chest pains. Plaintiff was engaged in an activity which was a normal part of his employment.

Given the words used here in the policy, and giving those words their plain, clearly understood meanings, this Court is persuaded that the trial court properly granted summary disposition in favor of the defendant. This case particularly brings to mind an old adage, which is quite appropriate here: "If it looks like a duck, walks like a duck and talks like a duck, it is a duck."

Affirmed.