COOKE v INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA

Docket No. 130248. Submitted March 6, 1991, at Lansing. Decided
April 15, 1991, at 9:20 A.M.

Jimmie Cooke brought an action in the Barry Circuit Court
against Insurance Company of the State of Pennsylvania and
others, seeking personal injury protection benefits under the
no-fault act for disability attributable to thrombophlebitis with
deep vessel thrombosis. The trial court, Richard M. Shuster, J.,
granted the defendants' motions for summary disposition after
finding that the plaintiff's injury arose from the long periods of
time that he spent sitting while performing his job as a truck
driver, and that the injury was not attributable to a single
identifiable event or accident. The plaintiff appealed.

The Court of Appeals *held:*

The court did not err. The evidence indicates that the plain-
tiff's injury arose from the long periods of time he spent sitting
and was not sustained in a single accident having a temporal
and spatial location. The no-fault act does not provide coverage
for the plaintiff's injury.

Affirmed.

INSURANCE — NO-FAULT — NATURE OF INJURIES.

Injuries which cannot be attributed to a single accident having a
temporal and spatial location are excluded from coverage under
the no-fault automobile insurance act (MCL 500.3101 *et seq.*;
MSA 24.13101 *et seq.*).

*Benefiel, Farrer & Glista* (by *Fredrick J. Farrer*),
for the plaintiff.

*Oosterbaan, York, Cooper & Peterson* (by *Robin
A. Smith*), for Insurance Company of the State of
Pennsylvania.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

See the Index to Annotations under Automobile Insurance; No-
Fault Insurance.

*Allaben, Massie, Vander Weyden & Timmer* (by *Jonathan W. Willoughby*), for Michigan Mutual Insurance Company.

*Piatt, Bartosiewicz, Tiderington & Kimbrel, P.C.* (by *Gary P. Bartosiewicz*), for Auto-Owners Insurance Company.

Before: GILLIS, P.J., and WEAVER and DOCTO-ROFF, JJ.

WEAVER, J. Plaintiff, a truck driver, began having pains in his right leg while en route from Grand Rapids, Michigan, to Denver, Colorado, and was subsequently diagnosed as having thrombophlebitis with deep vessel thrombosis. Plaintiff made a claim for no-fault automobile insurance benefits for losses arising from this disability. Defendants refused to pay benefits, and plaintiff filed the instant suit. Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), which the trial judge granted. Plaintiff now appeals as of right. We affirm.

Plaintiff asserts that he is entitled to benefits because he sustained an accidental bodily injury arising out of the use of a motor vehicle. Defendants contend that plaintiff is not entitled to such benefits because the injury does not have a temporal and spatial relationship to a single accident. *Wheeler v Tucker Freight Lines Co, Inc,* 125 Mich App 123; 336 NW2d 14 (1983).

Defendants rely on *McKim v Home Ins Co,* 133 Mich App 694; 349 NW2d 533 (1984), in which this Court ruled that the question whether the plaintiff's myocardial infarction was directly traceable to the strain of unloading a trailer was a factual question. This finding was predicated on the "widely accepted premise" that cardiovascular disabilities can be caused by physical strain.

There is no such presumption tying plaintiff's disability to a specific time and place. All the medical evidence in the record indicates that plaintiff's injury arose from the long periods of time he spent sitting.

Under these circumstances, the court did not err in granting defendants' motions on the ground that the injury was not attributable to a single identifiable event or accident.

We affirm the order granting summary disposition.