## RYNERSON v NATIONAL CASUALTY COMPANY

Docket No. 139595. Submitted December 8, 1993, at Lansing. Decided February 8, 1994, at 9:30 A.M. Leave to appeal sought.

Mary A. Rynerson, for herself and as personal representative of the estate of Richard D. Rynerson, deceased, brought an action in the Ogemaw Circuit Court against National Casualty Company, seeking benefits under a group accident insurance policy issued by the defendant for newspaper carriers. The decedent had died from a massive cerebral hemorrhage brought on by physical strain he experienced while attempting to fix his newspaper delivery truck. A jury returned a verdict in favor of the plaintiff after the court, Carl L. Horn, J., denied the defendant's motion for a directed verdict. In moving for a directed verdict, the defendant had argued that the decedent had not sustained accidental bodily injury as defined under the policy. The defendant appealed.

The Court of Appeals *held:*

The policy at issue covered "accidental bodily injury . . . which is the direct result of an accident." The policy clearly required that both the injury and its cause be accidental. Because the decedent's cerebral hemorrhage had not resulted from an accident but from his voluntary action of attempting to fix his truck, the trial court erred in refusing to direct a verdict in favor of the defendant.

Reversed.

INSURANCE — ACCIDENT POLICIES — ACCIDENTAL BODILY INJURIES.

An accident insurance policy for accidental bodily injury sustained by the insured as the direct result of an accident, independent of disease or bodily infirmity or any other cause, provides coverage only where both the injury and its cause are accidental.

*Ralph H. Dinse,* for the plaintiff.

REFERENCES

Am Jur 2d, Insurance §§ 556, 560-562.
See ALR Index under Health and Accident Insurance.

*Arthur M. Hoffeins,* for the defendant.

Before: TAYLOR, P.J., and REILLY and M. J. TAL-
BOT,* JJ.

PER CURIAM. Defendant appeals as of right the
judgment in favor of plaintiff following a jury
trial. Plaintiff sued to collect benefits under defen-
dant's group accident insurance policy covering
newspaper carriers. The policy provided coverage
for loss "due to Injury." "Injury" was defined in
the policy as "accidental bodily injury sustained by
the Insured which is the direct result of an acci-
dent, independent of disease or bodily infirmity or
any other cause." Defendant moved for a directed
verdict, arguing that there was no proof of any
accidental bodily injury that would entitle plaintiff
to benefits under the policy. The trial court denied
defendant's motion, and the jury returned a ver-
dict in favor of plaintiff. The issue is whether
voluntary physical exertion causing an unex-
pected, unanticipated, and unforeseen result can
be considered an "accidental bodily injury . . .
which is the direct result of an accident." We
conclude it cannot and reverse.

Plaintiff's decedent was employed as a rural
route carrier by the Bay City Times. On November
9, 1987, the decedent attempted to repair his
truck, which would not start properly. Apparently,
he tried but failed to remove a bolt with a wrench.
He came out from under the hood of the truck
complaining that he "got a kink" in his neck. The
decedent was treated that evening by a chiroprac-
tor. After returning home from the chiropractor's
office, he collapsed, went into a coma, and died the
following day. According to the expert medical
testimony, the cause of death was a massive cere-

* Circuit judge, sitting on the Court of Appeals by assignment.

bral hemorrhage brought on by the strain exerted by the decedent while attempting to fix the truck.

Defendant contends that the circumstances of the death did not entitle plaintiff to benefits under the policy and, therefore, the trial court erred in failing to grant its motion for a directed verdict. According to defendant, "a purely voluntary act in doing just what the insured intended to do cannot in any sense be held to constitute an accidental bodily injury." Because the decedent's .actions in attempting to remove a bolt were voluntary, defendant argues, there was no coverage under the terms of the policy.

In reviewing the denial of a motion for a directed verdict, this Court examines the evidence presented in the light most favorable to the plaintiff and gives the plaintiff the benefit of every reasonable inference that may be drawn from the evidence. If reasonable minds could differ in regard to whether the plaintiff has met the burden of proof, a motion for a directed verdict should be denied. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993).

Our Supreme Court, in *Collins v Nationwide Life Ins Co,* 409 Mich 271; 294 NW2d 194 (1980), ruled that unexpected injuries caused by voluntary intoxication are "accidental bodily injuries." In *Collins,* the plaintiff's husband died as a result of acute alcoholic intoxication. The accidental death and dismemberment policy in question had a double indemnity provision for coverage for "accidental bodily injuries." The Court stated that when the term "accidental bodily injuries" is used, the inquiry is not whether the agency causing the injury or death was accidental, but rather whether the injury itself was accidental.

> [A] distinction has arisen in many states be-
> tween the term "accidental means" and the terms
> "accident", "accidental death", and, as used in the
> policy at issue, "accidental bodily injuries". This
> distinction is succinctly explained in 10 Couch,
> Insurance (2d ed), § 41:28, pp 49-50:
>
> "[A]ccidental death is an unintended and unde-
> signed result arising from the acts voluntarily
> done, whereas death by accidental means is a
> result arising from acts unintentionally done or
> events undesignedly occurring. The term "acciden-
> tal means" refers to the occurrence or happening
> which produces the result, rather than the result;
> it is concerned with the cause of the harm rather
> than the character of the harm." [*Collins, supra* at
> 275.]

The Court indicated that the policy in issue did
not include the more restrictive language requir-
ing death from "accidental means," but only that
the insured sustain "accidental bodily injuries."
Thus, " 'if death results from the voluntary act of
the victim, but the result is unexpected, unantici-
pated and unforeseen, it is an accidental death.' "
*Id.*, quoting *Minton v Stuyvesant Life Ins Co,* 373
F Supp 33, 35 (D Nev, 1974).

Two Sixth Circuit cases have indicated that the
*Collins* interpretation of the phrase "accidental
bodily injuries" is limited to cases involving the
distinction between accidental and intentional in-
juries.[1] In *Riesterer v Crown Life Ins Co,* 653 F2d
268 (CA 6, 1981), and *Skowronek v United Benefit
Life Ins Co,* 567 F Supp 63 (ED Mich, 1983), aff'd

---

[1] This conclusion is apparently based on the fact situation in
*Collins.* We note, however, that in *Collins,* the Court considered the
expectations of the insured and stated:

> We find that this construction of the policy language, absent
> specific definition by the insurer, most closely comports with
> what the insured expects when he contracts to insure against
> the unexpected. One who purchases an accidental death policy
> intends to provide benefits to his beneficiary in the event he

754 F2d 167 (CA 6, 1985), the insureds exhibited signs of heart attack during or shortly after exertion while working. Both *Riesterer* and *Skowronek* held that the *Collins* interpretation of "accidental bodily injuries" was not controlling and of little guidance in the fact situations presented where the court had to distinguish between accidental death and natural death. *Riesterer* at 269-270; *Skowronek* at 65. In both cases the court followed Oregon precedent and held that an on-the-job heart attack following a voluntary act could not be considered an "accidental injury" unless the job-related activity preceding the heart attack was unusual, abnormal, or unexpected. Finding no Michigan law deciding the precise issue, the court concluded that Michigan would adopt the rule used in Oregon.

This Court has followed *Skowronek* when considering whether an injury is accidental rather than natural, and has held that in those cases the unexpected results of voluntary acts are not sufficient to constitute an "accident." In *Coffer v American Income Life Ins Co,* 168 Mich App 144; 423 NW2d 587 (1988), the insured, who suffered chest pains while exerting himself at work, claimed policy benefits that were available if he became disabled "due to accident." Citing *Skowronek,* this Court ruled that the *Collins* definition of "accidental death" could not be extended to define "accident" in general. The Court rejected an interpretation of "accident" that would allow a plaintiff to recover merely by showing that a voluntary act produced unexpected injury. *Coffer, supra* at 148. Finding that there was no evidence that anything abnormal or unusual occurred in the activities

should suffer death resulting from accident as opposed to death resulting from other means, such as suicide, disease or natural death. [*Collins, supra* at 277.]

that preceded the plaintiff's chest pains, the Court determined that the plaintiff was not entitled to benefits for disability due to accident.

Because the language in this policy is substantially different from that considered in the cases discussed above, we need not determine whether voluntary exertion producing unexpected injury would constitute an "accidental bodily injury." The policy in this case entitles plaintiff to benefits for an "accidental bodily injury . . . which is the direct result of an accident . . . ." The clear meaning of the language requires not only an accidental injury, but an "accidental means" or accidental cause as well. This combination of phrases unambiguously indicates that the unexpected nature of the injuries following voluntary acts does not, by itself, entitle an insured to benefits under the policy. The incident or activity that is the cause of the accidental injury must also be accidental.

Plaintiff contends that, because the decedent's strenuous activity was not work-related and was abnormal or unusual for him, the activity should be considered accidental. We disagree. Recovery under this provision requires not only that the injury be accidental, but that it be the direct result of an accident. An accident has been defined as "an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." See *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12, 18-19; 123 NW2d 143 (1963), quoting 10 Couch, Insurance (2d ed), § 41:7, p 9. The decedent's attempt to repair his truck and his voluntary exertion in an attempt to unscrew a bolt does not constitute an "accident." If we were to accept plaintiff's interpretation, then any unintended injury that occurs when the insured devi-

ates from typical job duties would be covered under defendant's policy. Such an interpretation perverts the clear and unambiguous language of the policy. See *Coffer, supra* at 148.

Because reasonable minds could not differ in regard to plaintiff's failure to meet the burden of showing an "accidental bodily injury . . . which is the direct result of an accident," the motion for a directed verdict should have been granted.

Reversed.