# STATE OF MICHIGAN

# COURT OF APPEALS

SEAN BANKS II, by next friend, SHARON
CLARK,

       Plaintiff,

and

SPECIAL TREE REHABILITATION
SERVICES and VHS OF MICHIGAN,
d/b/a DETROIT MEDICAL CENTER,

       Intervening Plaintiffs,

v

AAA INSURANCE COMPANY,

       Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY
OF AMERICA,

       Defendant-Appellant,

and

GREAT AMERICAN ASSURANCE
COMPANY/GREAT AMERICAN
INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY
OF NEW YORK, GREAT AMERICAN
SECURITY INSURANCE COMPANY, and
GREAT AMERICAN SPIRIT INSURANCE
COMPANY,

       Defendants.

UNPUBLISHED
September 15, 2016

No.   327386
Wayne Circuit Court
LC No.   14-005762-NF

Before:  CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

-1-

PER CURIAM.

In this priority dispute regarding the payment of first-party no-fault insurance benefits, defendant Citizens Insurance Company of America (Citizens) appeals as of right an order granting summary disposition in favor of defendant AAA Insurance Company (AAA). We affirm.

The facts related to the underlying motor vehicle accident are essentially undisputed. At approximately 10:30 p.m. on June 13, 2013, Sharon Clark returned to her Detroit home from a trip to the grocery store with friends. She was a passenger in a 2003 Honda Civic operated by Darcia Davis. After Davis parallel parked curbside on eastbound Kercheval Avenue, Sharon's 15-year-old son, Sean Banks II, came off the porch and greeted his mother and her friends. He then went to the opened trunk of the Honda Civic to help unload groceries from the vehicle. First, however, Sean rummaged through the grocery bags looking for a certain food item. As Sean leaned into the trunk, he was struck by a GMC Envoy turning left onto eastbound Kercheval from southbound Van Dyke. Essentially, the driver of the GMC Envoy, Christopher Laster, turned too wide and rear-ended the Honda Civic.[1] Sean sustained serious injuries as a consequence of the impact. At the time of the accident, the Honda Civic was insured under a no-fault policy issued by AAA. Laster's vehicle was uninsured.

In September 2013, Sharon applied for personal protection insurance (PIP) benefits from AAA on Sean's behalf. Initially, AAA voluntarily paid the PIP benefits, but later concluded that Sean was ineligible for benefits and, therefore, future payments were denied. Apparently because no other insurance coverage was readily identifiable, benefits were sought through the Michigan Assigned Claims Plan, which led to Citizens' appointment as the servicing insurer. Subsequently, a complaint was filed on Sean's behalf that sought to resolve which insurance carrier was first in priority for the payment of no-fault benefits to Sean. Several insurance companies were named as defendants, including Citizens and AAA.[2]

Citizens filed a motion for summary disposition, arguing that the AAA-insured Honda Civic was involved in the accident because Sean was in the process of unloading a parked vehicle when he was injured. Therefore, Citizens argued, AAA was a higher priority insurer than Citizens, an assignee of the Michigan Assigned Claims Plan. AAA opposed the motion, arguing that the parked Honda Civic was not "involved in the accident" within the meaning of the no-fault act, MCL 500.3101 et seq.; therefore, it had no obligation to pay PIP benefits. AAA requested that the court render judgment in its favor under MCR 2.116(I)(2). The trial court

---

[1] Based on the testimony of two neighbors, Katrice Kinkle and Stefanie Kinkle, there is some suggestion that Sean was unloading groceries from the rear passenger door at the time of the impact. However, when presented with conflicting testimony, Katrice readily admitted that Sean could have moved to the back of the Honda Civic. In any event, this factual discrepancy is irrelevant to the issues presented in this appeal.

[2] Two health care providers, VHS of Michigan, d/b/a Detroit Medical Center, and Special Tree Rehabilitation Services were later granted leave to intervene as plaintiffs.

agreed with AAA that the Honda Civic was not involved in the accident for purposes of the no-fault act, and thus was not liable for the payment of PIP benefits. Accordingly, the court denied Citizens' motion for summary disposition and granted summary disposition in favor of AAA pursuant to MCR 2.116(I)(2). In light of this ruling, the court also denied as moot Citizens' motion for leave to file a cross-claim against AAA.

On appeal, Citizens argues that the parked Honda Civic was "involved in the accident" for purposes of the no-fault act because Sean was in physical contact with property being unloaded from the trunk of the vehicle—groceries—when he was struck by a car and injured. We disagree.

This Court reviews a decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When considering a motion under MCR 2.116(C)(10), a reviewing court must consider any affidavits, pleadings, depositions, admissions, or other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. at 120, citing MCR 2.116(G)(5). "Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014). Summary disposition pursuant to MCR 2.116(I)(2) is properly granted if it is clear that "the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014) (citation omitted). Further, appellate courts review de novo questions of statutory interpretation. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016).

Pursuant to MCL 500.3105(1), "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." None of the parties dispute Sean's entitlement to first-party no-fault benefits under the parameters set forth in MCL 500.3105(1). Instead, the issue in this case concerns which defendant insurer is responsible for the payment of those benefits. MCL 500.3115 governs the order of priority because Sean had no auto insurance of his own, there is none in the household where he resides, and he was not an occupant of any vehicle. Under that statute, a person injured while not an occupant of a motor vehicle would first claim PIP benefits from the insurers of owners or operators of the vehicles "involved in the accident." MCL 500.3115(1). If no insurance is applicable or available under this priority scheme, then benefits would be paid by the assigned claims insurer under MCL 500.3172(1), i.e., Citizens in this case. The vehicle obviously involved in the accident, the GMC Envoy operated by Laster, was uninsured. Consequently, it is necessary to determine whether the AAA-insured Honda Civic was "involved in the accident." MCL 500.3115(1). This inquiry is further complicated because the Honda Civic was a parked vehicle.

In general, parked vehicles are not considered to be involved in an accident unless certain circumstances are present. MCL 500.3106(1) sets forth the exceptions to the no-fault act's parked vehicle exclusion. That is, "MCL 500.3106(1) expressly delineates when 'accidental bodily injury aris[es] out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle' if the vehicle is parked." *Frazier v Allstate Ins Co*, 490 Mich 381, 384; 808 NW2d 450 (2011). Pursuant to § 3106, accidental bodily injury does not arise out of the

ownership, operation, maintenance, or use of a *parked* vehicle *unless* any of the following occurred:

>        (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

>        (b) Except as provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

>        (c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.   [MCL 500.3106(1).]

Citizens argues that because Sean was unloading groceries from the parked vehicle, the exception set forth in MCL 500.3106(1)(b) applies and compels the conclusion that the Honda Civic was "involved in the accident."  We disagree.  An analysis of the plain language of the statute, and appellate decisions interpreting the exceptions, demonstrates that the "loading and unloading" exception found at MCL 500.3106(1)(b) does not apply to the circumstances in this case.

Our Supreme Court's decision in *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139; 324 NW2d 1 (1982), is helpful in understanding the provisions of MCL 500.3106(1)(b).  In *Heard*, the plaintiff sought no-fault benefits for injuries sustained when he was struck by an automobile while pumping gasoline into his own vehicle.  *Id.* at 143.  Because Heard failed to maintain no-fault insurance on his own vehicle, he brought suit to recover no-fault benefits from State Farm, the insurer of the vehicle that struck him.  *Id.*  Heard's claim hinged on whether his own vehicle was deemed to have been "involved in the accident."  *Id*. at 144.  The Supreme Court concluded that Heard's parked vehicle did not fall within the exception set forth at MCL 500.3106(1)(b).  The Court noted that the exceptions clarify when a parked vehicle is deemed to be in use as a motor vehicle because "[e]ach exception pertains to injuries related to the character of a parked vehicle *as a motor vehicle*—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents."  *Id.* at 144-145 (quotation marks and citation omitted).  The Court found that, "[a]t the time of the accident, Heard's vehicle was not in use as a motor vehicle; rather, it was like other stationary roadside objects that can be involved in vehicle accidents."  *Id.* at 145 (quotation marks omitted).

This Court's decision in *Adanalic v Harco Nat'l Ins Co*, 309 Mich App 173, 181; 870 NW2d 731 (2015), is further instructive.  In *Adanalic*, this Court clearly explained the scope of the exception relied on by Citizens:

> As described in *Arnold v Auto-Owners Ins Co*, 84 Mich App 75, 79-80; 269 NW2d 311 (1978), MCL 500.3106(1)(b) contains two independent clauses and provides coverage when the injury was the direct result of physical contact with either (1) "equipment permanently mounted on the vehicle, while the equipment

was being operated or used," *or* (2) "property being lifted onto or lowered from the vehicle in the loading or unloading process."

The *Adanalic* Court further explained that the "loading and unloading" clause "requires that there be 'physical contact' with the property being loaded and that the physical contact 'directly result' in injury." *Adanalic*, 309 Mich App at 182.

Citizens argue that the exception is applicable because Sean was unloading groceries from the trunk and was in physical contact with the groceries when he was injured. This, however, is insufficient to satisfy the provisions of MCL 500.3106(1)(b). While Sean did have physical contact with the groceries, that physical contact did not directly result in the injury. Instead, the injuries were the direct result of being struck by the GMC Envoy. Moreover, the parked AAA-insured vehicle was not in use as a motor vehicle; rather, it was like "other stationary roadside objects that can be involved in vehicle accidents." *Heard*, 414 Mich at 144-145. The Honda Civic was no more involved in the accident than a bench would be, had Sean been picking up a bag of groceries from that type of common stationary object. Because the requirements of MCL 500.3106(1)(b) were not met, the parked Honda Civic was not "involved in the accident." Accordingly, AAA, the insurer of the Honda Civic, is not obligated to pay PIP benefits. See MCL 500.3115(1). Further, because there is no personal protection insurance applicable to Sean's injuries, PIP benefits are obtainable through the assigned claims plan, i.e., through Citizens. See MCL 500.3172(1).

In summary, the trial court properly ruled that the exception to the parked vehicle exclusion did not apply and, thus, AAA was entitled to summary disposition. Accordingly, as the trial court properly held, Citizens' motion for leave to file a cross-claim for reimbursement from AAA was rendered moot and futile. See *Boylan v Fifty Eight LLC*, 289 Mich App 709, 728; 808 NW2d 277 (2010).

Affirmed.


/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood